IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVAN McGINLEY,          § | | |
|     Plaintiff,      § | | |
| § | | |
| v.                      § | No. 3:22-cv-00050-M (BT) | |
| § | | |
| THE STATE OF TEXAS,     § | | |
|     Defendant.     § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* civil rights action brought by Plaintiff Evan McGinley, an inmate at the Dallas County Jail in Dallas, Texas. McGinley filed his handwritten complaint (ECF No. 3) on January 10, 2022. But his complaint is not on a court-approved form and does not comply with Federal Rule of Civil Procedure 8(a). He also failed to pay the filing fee or file a motion to proceed *in forma pauperis*. Accordingly, on January 11, 2022, the Court sent McGinley a Notice of Deficiency and Order (ECF No. 4), which ordered him to file his complaint in compliance with Rule 8(a) and on a court-approved form and pay the filing fee or file a motion to proceed *in forma pauperis*. The Order further informed McGinley that failure to respond and cure the deficiencies by February 11, 2022 could result in a recommendation that his case be dismissed. McGinley failed to comply with the Court's order. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

1

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, McGinley has failed to comply with the Court's order to file his complaint in compliance with Rule 8(a), submit his claims on a court-approved form, and pay the filing fee or file a motion to proceed *in forma pauperis*. The Court cannot screen his claims, and thus this litigation cannot proceed, until he cures these deficiencies. Specifically, it is not clear whether McGinley is attempting to file a civil action under § 1983, or whether he is attacking a conviction and/or sentence and means to file a habeas action under 28 U.S.C. § 2254. McGinley references criminal statutes and the Texas Code of Criminal Procedure. He also outlines the allowable remedies against a state agency, but he fails to suggest what relief he seeks in this action. "[Section] 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and

2

prison procedures," while "[a] habeas petition . . . is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). "A prisoner cannot challenge the fact or duration of confinement in a § 1983 action." *Whitfield v. Bd. of Pardons & Paroles*, 2011 WL 5986013, at *2 (N.D. Tex. Sept. 14, 2011) (citing *Clarke v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998)), *rep. and rec. adopted* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011); *see also Lewis v. Meier*, 2002 WL 31156668, at *2 (N.D. Tex. Sept. 24, 2002) (finding that plaintiff's request for release from jail was "an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983").

McGinley has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

## Recommendation

The Court should dismiss McGinley's complaint without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed February 17, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

3

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).